**FILED**
**Aug 09, 2019**
**02:41 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **RASHELLE NIGMATYANOV,** | ) | |
| Employee, | ) | **Docket No. 2018-06-2320** |
| | ) | |
| **v.** | ) | **State File No. 67955-2018** |
| | ) | |
| **LOWE'S HOME CENTERS, INC.,** | ) | **Judge Joshua D. Baker** |
| Employer. | ) | |

## EXPEDITED HEARING ORDER

The Court convened an expedited hearing on July 17, 2019, to consider whether Ms. Nigmatyanov is entitled to medical and temporary disability benefits for her alleged, work-related right-shoulder injury. For the reasons below, the Court finds she is likely to prevail in proving entitlement to additional medical benefits. The Court denies her request for temporary disability benefits at this time.[1]

## Claim History

On September 4, 2018, Ms. Nigmatyanov alleged disabling pain in her right shoulder from lifting heavy bags of mulch, rock, and soil for Lowe's customers. She had prior right shoulder problems, including a rotator cuff repair roughly ten years before and a 2017 work injury at Lowe's for which she treated with an orthopedic specialist.

When the 2018 accident occurred, Lowe's prepared a First Report of Injury indicating Ms. Nigmatyanov reported a lifting injury. Instead of providing a panel, she testified Lowe's directed her to Dr. Paul Niner because her treating physician from 2017 was unavailable.

---

[1] Ms. Nigmatyanov presented medical bills and records at the hearing. Lowe's objected to their admissibility due to the untimeliness of the submission. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14 (1)(a)-(c). The Court sustained the objection and admitted the documentation for identification purposes only.

Dr. Niner documented that he suspected "an arthritic type process," treated her conservatively over a few weeks, and restricted her from pushing or pulling more than fifteen pounds from September 14 until October 22. During her last visit, he maintained her restrictions until a follow-up appointment on October 22.

Ms. Nigmatyanov did not see Dr. Niner again because Lowe's denied her claim based upon Dr. Niner's causation responses to questionnaires. He initially suggested that Ms. Nigmatyanov's repetitive lifting at Lowe's aggravated a pre-existing, degenerative condition. When asked if her need for treatment was primarily related to increased pain from the work accident, he responded under "Yes" by writing, "Possibly – But root cause is likely degenerative and aggravated by repetitive movement." Dr. Niner also stated, "[R]epetitive work/movements and age could be an aggravating factor."

Following Dr. Niner's initial response, Lowe's sent a second questionnaire, which relayed the statutory definition of an injury as one where employment contributed more than fifty percent to the injury considering all causes. When asked if the primary cause of Ms. Nigmatyanov's degenerative condition was her current work injury, former work injury, or the rotator cuff repair, Dr. Niner responded that the primary cause of her shoulder's degeneration was "age, surgery." He wrote, "It is most likely that her issues are not a direct result of her job but only an aggravating factor due to lifting – repetitive lifting will likely keep aggravating her prior issues." Regarding restrictions, he wrote, "Without further eval. from ortho – I will not be able to give an accurate assessment."

Nearly a year later, Lowe's sent Dr. Niner a third questionnaire asking if his orthopedist referral was primarily related to the rotator cuff repair rather than to her work at Lowe's. He marked, "Yes."

During this period, Ms. Nigmatyanov stated that Lowe's refused her attempts to work because she could not lift at least thirty-five pounds.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Nigmatyanov must provide sufficient evidence to show that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). Here she must prove she would likely prevail in proving entitlement to additional medical benefits and temporary disability benefits. The Court holds she presented sufficient evidence to prove entitlement to additional medical benefits but failed to present sufficient evidence to support her claim for temporary disability benefits.

The question of medical benefits concerns whether Ms. Nigmatyanov suffered a workers' compensation injury. Under the Workers' Compensation Law, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of

2

employment, that causes death, disablement, or the need for medical treatment of the employee[.]" The injury must be caused "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." "An injury arises primarily out of and in the course and scope of employment, if "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" An injury includes an aggravation of a preexisting condition if the aggravation arose primarily out of and in the course and scope of employment. *See* Tenn. Code Ann. §50-6-102(14).

Here, Ms. Nigmatyanov testified she hurt her shoulder while lifting heavy landscape and gardening items for Lowe's customers. She reported her injury as a new one rather than a reoccurrence of her previous condition. Based on these facts, the Court finds Ms. Nigmatyanov reported a specific incident or set of incidents that arose primarily out of her employment.

When Ms. Nigmatyanov reported her injury, the Court finds that triggered Lowe's duty to provide a panel of physicians. Tenn. Comp. R. & Regs. 0800-02-01-.25(1); *see also*, Tenn. Code Ann. § 50-6-204(a)(3)(A) ("Upon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury."). Ms. Nigmatyanov testified she never received a panel. Instead, Lowe's directed her to Dr. Niner. The Court holds that Lowe's, by its action, prevented Ms. Nigmatyanov from exercising her right to choose an authorized treating physician. The Court finds Lowe's action ran afoul of the rules governing provision of medical benefits and refers this claim to the Compliance Program to consider imposition of penalties

As noted, although Lowe's failed to provide Ms. Nigmatyanov a panel, it did pay for treatment with Dr. Niner. As the only physician who treated her, the Court must consider his opinion. *Berdnik v. Fairfield Glade*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017) ("While we acknowledge that this opinion was rendered by Employer's physician rather than an authorized physician chosen from a panel, it is, nonetheless, the only medical opinion upon which we can rely[.]"). As explained further below, however, the Court finds Dr. Niner's opinion insufficient to determine medical causation.

The usefulness of Dr. Niner's opinion is limited both by the questions posed to him and by the narrow slip of a foundation on which he based his opinion. His initial response to Lowe's was based on perhaps one physical exam and x-rays because Lowe's denied her claim. Further, Lowe's relayed to him the statutory definition of an injury, not an *aggravation* when requesting the opinion. In other words, he did not have the correct legal standard for determining an aggravation of a preexisting condition.

3

Even so, Dr. Niner's responses indicate that Ms. Nigmatyanov "possibly" suffered an aggravation of a pre-existing condition. Unfortunately, as noted above, he did not have a wealth of diagnostic information or the correct legal standard with which to determine or explain by what degree her employment aggravated her condition. Furthermore, Dr. Niner noted in his response to the initial causation letter from Lowe's that Ms. Nigmatyanov should see an orthopedic specialist.

While Dr. Niner's opinion is too inexplicit to support a preponderance of the evidence standard, the Court finds it corroborates and supports Ms. Nigmatyanov's account that lifting heavy bags at Lowe's aggravated her right shoulder and caused disabling pain. When coupled with her testimony, the Court finds Dr. Niner's opinion is sufficient to support her claim for additional medical treatment. The Court holds Lowe's must provide Ms. Nigmatyanov a panel of orthopedic physicians from which she shall select one to serve as the authorized treating physician.

Next, the Court addresses Ms. Nigmatyanov's claim for temporary disability benefits. She is eligible for these benefits if: (1) she became disabled due to a work injury; (2) a causal connection exists between her work injury and inability to work; and (3) she proved the duration of her disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). At this time, Ms. Nigmatyanov's claim for temporary disability benefits must fail because no physician has definitively linked her condition to her work for Lowe's.

It is **ORDERED** as follows:

1. Ms. Nigmatyanov's claim for medical benefits is granted. Lowe's shall offer a panel of three orthopedists from which Ms. Nigmatyanov shall select a physician for medical treatment.

2. The Court denies Ms. Nigmatyanov's claim for temporary disability benefits at this time.

3. This case is referred to the Compliance Program to consider imposition of penalties against Lowe's for its failure to provide a panel of physicians.

4. This matter is set for a scheduling hearing on **Monday, September 23, 2019, at 3:00 p.m. (CDT)**. The parties must call 615-741-2113 to participate in the Hearing. Failure to call might result in a determination of issues without the party's participation.

5. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

4

The employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED AUGUST 9, 2019.**

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Medical Records, including questionnaire responses of Dr. Paul Niner dated September 21 and October 16, 2018
2. Affidavit of Rashelle Nigmatyanov
3. Questionnaire Response of Dr. Paul Niner dated July 2, 2019
4. Wage Statement
5. First Report of Injury
6. Notice of Denial dated October 18, 2018
7. Medical Records from Northcrest Physician Services, Bills and Receipts, for identification purposes only
8. Notice of Denial dated October 30, 2018

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Motion to Continue
5. Order Granting Continuance
6. Employer's Motion to Continue
7. Order Granting Continuance
8. Employee's Motion to Compel
9. Employer's Exhibit List
10. Order Granting Motion to Compel
11. Employer's Motion to Alter or Amend Order Compelling Discovery
12. Employee's Exhibit List
13. Employee's Response to Employer's Motion to Alter or Amend Order

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 9, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Rashelle Nigmatyanov, Employee | | | X | Shelme2222@gmail.com |
| Carolina Martin, Employer's Attorney | | | X | Carolina.martin@leitnerfirm.com |

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                     RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

Automobile       $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House           $ _____       (FMV) _____

Other           $ _____       Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                                 RDA 11082